UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KATREENA CAVIN**                                                      **CIVIL ACTION**

**VERSUS**

**WALMART. INC., et al.**                                               **NO. 20-569-JWD-SDJ**

### RULING AND ORDER

Before the Court is a Motion to Withdraw Notice of Removal (R. Doc. 17) filed by Defendants, Walmart Inc. and Wal-Mart Louisiana, LLC (collectively, "Defendants"), on December 14, 2020. In their Motion to Withdraw, Defendants seek to withdraw their Notice of Removal (R. Doc. 1), thereby causing this case to be remanded back to the 21st Judicial District Court for the Parish of Livingston, State of Louisiana.[1]

In response to the Notice of Removal filed by Defendants, on September 24, 2020, Plaintiff filed a Motion to Remand (R. Doc. 8), alleging that Defendants had not sufficiently established the amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332.[2] Attached to the Motion to Remand is "Plaintiff's Binding Stipulation Regarding Damages and Recovery" (R. Doc. 8-2), in which Plaintiff stipulates "that the entire amount being sought for general and special damages in her instant claim…does not and will not exceed $50,000" and that she "irrevocably binds herself to forego and does hereby waive and relinquish any right to recover any more than $50,000 from any judgment rendered by any court for general and special damages."[3]

---

[1] R. Doc. 17 at 1-2.
[2] R. Doc. 8 at 1
[3] R. Doc. 8-2 at 1. The Court notes that Plaintiff's counsel, rather than Plaintiff herself, signed the "Binding Stipulation." However, this in no way detracts from the binding effect of the stipulation. *Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:19-CV-65, 2019 WL 7900263, at *4 (S.D. Tex. Aug. 16, 2019). "It is well established that pleadings signed by a party's attorney are binding on the party himself." *Id.*

Plaintiff further "agrees to execute any agreement needed in state court to enforce and recognize this stipulation."[4]

Here, Defendants sought to remove the case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] According to § 1332(a), diversity jurisdiction exists, *inter alia*, "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Given Plaintiff's binding stipulation that the amount in controversy does not exceed $50,000, far less than the $75,000 required by § 1332(a), the Court finds that the requirements for diversity jurisdiction cannot be met.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Withdraw Notice of Removal (R. Doc. 17) is **GRANTED,** and the case is **REMANDED** to the 21st Judicial District Court for the Parish of Livingston, State of Louisiana.

Signed in Baton Rouge, Louisiana, on January 12, 2021.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] R. Doc. 8-2 at 1.
[5] R. Doc. 1 at 2.